[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about July 8, 1988, "Al" Torre filed an application for summary process in the Superior Court of Fairfield, Housing Session. The action was filed to evict Jeanne Moltkau from a dwelling located at 632 Fairfield Beach Road, Fairfield, Connecticut. Torre stated in his application that, as the owner of said premises, he has requested Moltkau to vacate the premises which request has been refused. Torre now seeks to have Moltkau evicted pursuant to Conn. Gen. Stat. 47a-23 et seq. This summary process action was transferred to the regular docket of the Superior Court and was finally consolidated with the present action on October 28, 1988.
Conn. Pub. Act No. 89-254 8 which repealed Conn. Gen. Stat. 47a-23 provides in pertinent part:
 When the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment or dwelling unit . . . and when one originally had the right or privilege to occupy such premises other than under rental agreement of lease but such privilege has terminated, such owner or lessor shall give notice to each lessee or occupant to quit possession of such land, building, apartment or dwelling unit . . . at least eight days. . . before the time specified in the notice for the . . . occupant to quit possession or occupancy."
Conn. Pub. Act. No. 89-254 8(b), (c). Conn. Gen. Stat.47a-23a provides in pertinent part:
 (a) If, at the expiration of the eight days the lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner or the superior court may issue a writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process, but which shall set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises. . . .
The Court finds nothing in the record that the Notice to Quit, and subsequent Summary Process complaint in behalf of an CT Page 1622 "Al" Torre, is the record owner of the subject property. There was no testimony whatsoever that an individual known as "Al" Torre was also known as Agapito Torre.
There was no testimony proferred by anyone in support of the Summary Process action.
There was no amendment to the pleadings to say that the two names were attributable to the same person. The Court is aware that some subsequent pleadings in this action employed the name of "Agapito", although the original caption of this case was entitled "Al" Torre.
Finally, there was no testimony offered in support of any of the allegations of the summary process complaint whatsoever.
The Court is not of the opinion that relief should flow from the structure of these pleadings merely because they are appended to another action at the request of either or both parties.
Because of the summary nature of this remedy, the statute granting (summary process) has been narrowly construed and ; strictly followed.
Judgment may enter for the defendant, Jeanne Moltkau, in the matter of "Al" Torre v. Jeanne Moltkau.
MILTON J. HERMAN State Trial Referee